Dewey, J.
The case presented by the bill of exceptions is an action of assumpsit, to recover the balance due for certain articles sold by the plaintiff to the defendant. At the time of the sale, the plaintiff received as payment an order for groceries to the amount of ten dollars, which was duly accepted and paid; and for the residue of the price, a worthless note of hand of a third person, which he received wholly upon the representation of the defendant, that the promisor was a responsible person, and that payment of the note would be made on demand; when in fact the promisor was wholly insolvent, and the note was of no value. It further appeared, that the defendant, at the time he thus delivered the note to the plaintiff, knew of the insolvency and inability of the promisor to pay the same. This note the plaintiff had returned to the defendant.
The defendant insists, that this action cannot be maintained, inasmuch as the plaintiff has not returned the order for groceries; taking the position that without returning the entire con sideration, the plaintiff has no right to maintain his action for *128 the price or any part thereof. Various authorities were cited by the counsel for the defendant, to establish the doctrine, that if a party would rescind a contract entered into through fraud or misapprehension, he must return the whole consideration received. In the case of rescinding a contract, in the full and proper sense of the term, this may be so ; but the doctrine has no application to a case like the present. If the plaintiff had sought to recover, in an action of replevin, the specific articles sold to the defendant, and had not returned the order for groceries, the objection might have been well taken, that before the plaintiff could enforce a claim to property in the articles thus sold, he must restore to the other party all the valuable consideration that he received from him.
But the plaintiff does not seek to rescind the contract of sale, or to reclaim the property sold by him to the defendant. He gives full effect to the sale; he counts upon it in his writ; and only seeks to recover damages by reason of non-payment for the same. Such non-payment, he seeks to establish by proof, that so much of the payment, as was to be realized from the note of John Thing, has entirely failed to be realized, by reason of the worthlessness of that note; which note, it is agreed, was taken upon the false and fraudulent representation of the defendant as to the solvency of the maker.
This being the case, the defendant has failed, to the amount of this note, to pay the plaintiff for the articles bought of him. It is as though no such note had been delivered to the plaintiff ; and to this extent the plaintiff is the creditor of the defendant on account of the articles sold. The principle, upon which the right of the plaintiff to recover rests, is a very clear one, and will entitle him to retain his verdict. The supposed payment has proved delusive. The vendor received in payment an article of no value, and this through the fraudulent representation of the defendant. He may demand that this loss may be made good to him. Puckford v. Maxwell, 6 T. R. 52; Young v. Adams, 6 Mass. 182, and cases there cited.
Holding, as this court does most fully, that the vendee, in an action against him by the vendor for the stipulated price, may give in reduction of damages any claim he may have, by *129 reason of any false representation as to the quality of the article sold; it seems equally reasonable and proper, that the vendor also should, in answer to the defence of payment, have the like opportunity to show, that in such payment the vendor was fraudulently imposed upon, and that what was received as supposed payment was in truth of no value.
The case stated in the bill of exceptions, presenting a case of fraudulent representations made by the defendant, as to the value of the note of John Thing, and of consequent damage to the plaintiff, the plaintiff may recover to the extent of the loss he has sustained, by reason of the worthlessness of the note thus received by him in payment-of the articles sold.

Exceptions overruled.